FILED

2007 Dec-18  PM 03:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **GARY HENRY AND JOAN HENRY,** | ] | |
| | ] | |
| **Plaintiffs,** | ] | |
| | ] | **Case No.:  4:07-CV-1863-VEH** |
| **v.** | ] | |
| | ] | |
| **FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION AND ORDER

### I.    Brief Introduction

Plaintiffs Gary and Joan Henry bring this flood insurance case against Fidelity

National Property and Casualty Insurance Company ("Fidelity"), Colonial Claims

Corporation ("Colonial"), and Alfa Agency Alabama, Inc. ("Alfa").  (Doc. #1 at Ex.

A (Compl.)).   The pending motion is:  Alfa's Motion to Dismiss (Doc. #9) (the

"Motion") filed on November 16, 2007.  Plaintiffs filed their opposition (Doc. #12)

on December 4, 2007.  On December 17, 2007, Alfa filed a reply brief.  (Doc. #13).

Alfa's Motion is based upon Rule 12(b)(6) of the Federal Rules of Civil

Procedure and additionally on Rule 9 as to Plaintiffs' claim of misrepresentation.  As

discussed more fully below,[1] the court concludes that Alfa's Motion is due to be granted with leave for Plaintiffs to restate only their misrepresentation claim against Alfa with more particularity.

## II.   Brief  Statement of Alleged Facts and Procedural History

This  property damages case originated in the Circuit Court of Etowah County, Alabama.  Fidelity removed this lawsuit on the basis of federal question jurisdiction and Plaintiffs' claims' interrelatedness to the  National Flood Insurance Program (the "NFIP") pursuant to the National Flood Insurance Act of 1968 (the "NFIA").  (Doc. #1).  As asserted in the notice of removal, exclusive original jurisdiction exists in this case.  *See Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1352  (11th Cir. 2000) ("Because we conclude that both the language of the statute [*i.e.*, the NFIA] and the legislative history dictate the conclusion that the federal courts have exclusive jurisdiction,  we  decline  to  consider  the  third  potential  rebuttal  factor,  the compatibility of state-court jurisdiction and federal interests.").

Plaintiffs' home located in Rainbow City, Alabama, was allegedly damaged by flooding on or about November 24, 2004.  Plaintiffs made a claim for the loss under

---

[1]The court notes that in its Motion, Alfa also requests oral argument.  Plaintiffs have not made such a request.  Given the court's ruling in favor of Alfa and the fact that the court has no questions for the parties, scheduling the case for oral argument is not necessary.  Accordingly, that particular portion of Alfa's Motion is **DENIED**.

a policy of insurance that they had obtained from Fidelity with Alfa serving as the agent.  The claim was denied.

Plaintiffs' complaint includes six (6) counts including for breach of contract, bad faith, negligence, wantonness, misrepresentation, and agency.  Alfa specifically seeks a dismissal of count one (1) for breach of contract, count two (2) for bad faith, count five (5) for misrepresentation, and count six (6) for agency.

### III.   Analysis

### A.   Breach of Contract

Plaintiffs can prove no set of facts that would make Alfa liable to them for breach of contract.  As a matter of law, a party must be in privity of the contract for a claim of breach to be viable.  In opposing the Motion, Plaintiffs maintain that Alfa was either their agent or alternatively an agent of Fidelity.  (Doc. #12 at 2).  Plaintiffs never contend that Alfa was a party to the flood insurance contract.  (*Id.*).

Also, the breach of contract count is likewise brought against Fidelity.  When a plaintiff asserts a breach of contract claim against an agent and a principal, the claim against the admitted agent will not lie.  *See Mobile Ins., Inc. v. Smith*, 441 So.2d 894, 897 (Ala. 1983) ("'Where a complaint declares on a contract as made with the plaintiff by one of the defendants as the agent of another defendant, it states no cause of action against the agent defendant.'") (citation omitted).

3

### B.    Bad Faith

Similarly, Plaintiffs can prove no set of facts that would make Alfa liable to them for bad faith.  As a matter of law, bad faith arises out of a failure to pay an insurance claim by an insurance company based upon an existing insurance contract. *See American Cast Iron Pipe Co. v. Williams*, 591 So. 2d 854, 857 (Ala. 1991).  As confirmed by Plaintiffs' response to the Motion, Alfa was either their agent or alternatively an agent of Fidelity, not an insurer in this case.  (Doc. #12 at 2). Accordingly, Alfa likewise is not a party to any insurance contract.  Therefore, no claim for bad faith can lie against Alfa.

### C.    Misrepresentation

Alfa offers two (2) reasons for dismissing the misrepresentation claim against it.  First, Alfa maintains that the reasonable reliance standard applicable to Plaintiffs' fraud claim bars them from recovery based upon a reasonable reading of the policy language.  While the parties have referred to the policy generally, it was not attached to the complaint or the Motion and has not otherwise been made a part of the record. Accordingly, the record is insufficiently developed for the court to enter a Rule 12(b)(6) dismissal on this basis.

Second, Alfa alternatively argues that Plaintiffs have failed to plead their fraud claim against it with particularity as required under Rule 9(b).  Reviewing count five,

4

the requisite specificity is lacking, but Plaintiffs should be given an opportunity to replead this claim in compliance with Rule 9(b).

### D.    Agency

Plaintiffs can prove no set of fact that would make Alfa liable to them for "agency."  Common law allows for a principal to be held liable for the tortious acts of its agent under certain circumstances.

Similarly, under Ala. Code § 6-11-27, a principal may be held liable for punitive damages stemming from the actions of its purported agent under an agency theory.  *See* Ala. Code § 6-11-27(a) ("A principal, employer, or other master shall not be liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of an agent, employee, or servant of said principal, employer, or master unless . . . .").  Consequently, the common law and punitive damages statute provide for potential liability against a principal, not the principal's agent.  Additionally, the agency claim against Alfa is due to be dismissed as merely duplicative of Plaintiffs' other claims alleged against it.

## IV.   Conclusion

Consistent with the above analysis, Alfa's Motion is **GRANTED** as to count one (1) for breach of contract, count two (2) for bad faith, and count six (6) for agency.  Accordingly, counts one, two, and six of Plaintiffs' complaint are **HEREBY**

**DISMISSED** against Alfa with prejudice.

Alfa's Motion is also **GRANTED** as to count five (5) for misrepresentation, and the claim is **DISMISSED** against Alfa with leave for Plaintiffs to restate it with more particularity as required by Rule 9(b) within ten (10) calendar days of the entry date of this order.  Finally, Alfa's request for oral argument included in its Motion is **DENIED** as explained more specifically in footnote 1 of the introduction.

**DONE** and **ORDERED** this the 18th day of December, 2007.

**VIRGINIA EMERSON HOPKINS**
United States District Judge